IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LARRY GOLDEN,<br><br>      Plaintiff, *pro se*,<br><br>  v.<br><br>THE UNITED STATES,<br><br>      Defendant. | No. 23-185 C<br><br>Senior Judge Eric G. Bruggink |

**DEFENDANT THE UNITED STATES'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

 

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

GARY L. HAUSKEN
Director

GRANT D. JOHNSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530

*Attorneys for the Defendant,*
*The United States*

April 4, 2023

## TABLE OF CONTENTS

I. QUESTIONS PRESENTED ................................................................................................1

II. STATEMENT OF THE CASE ..........................................................................................2

    A. Introduction ............................................................................................................2

    B. Factual Background ................................................................................................3

        1. Mr. Golden voluntarily cancels claims of U.S. Patent No. RE43,990 in 2015 during an inter partes review proceeding at the Patent Trial & Appeal Board. ...........................................................................................................4

        2. Mr. Golden's Fifth Amendment takings claims against the United States, based on his voluntary cancellation of his patent claims in the inter partes review proceeding, are rejected by this Court and the Federal Circuit. ......6

        3. Mr. Golden files the present lawsuit again asserting a Fifth Amendment takings claim based on his voluntary cancellation of his patent claims in the inter partes review proceeding. ............................................................8

    C. Relevant Legal Standards ........................................................................................9

        1. RCFC 12(b)(1) – Lack of Subject-Matter Jurisdiction ...............................9

        2. RCFC 12(b)(6) – Failure to State a Claim Upon Which Relief Can Be Granted ........................................................................................................9

III. ARGUMENT .....................................................................................................................11

    A. Plaintiff's Complaint should be dismissed pursuant to RCFC 12(b)(1) for lack of jurisdiction because Plaintiff's takings claim falls outside of the Court's six-year statute of limitations. ................................................................................................11

    B. Plaintiff's Complaint should be dismissed pursuant to RCFC 12(b)(6) under the doctrine of *res judicata* because Plaintiff's takings claim has already been fully litigated and rejected by this Court and the Federal Circuit. ................................12

    C. Plaintiff should be denied leave to amend because any amendment would be futile. .....................................................................................................................14

IV. CONCLUSION .................................................................................................................15

## TABLE OF AUTHORITIES

**Cases**
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................................... 9
*Aviation Software, Inc. v. United States*, 101 Fed. Cl. 656 (2011) ............................................ 10
*Bell Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................................................. 9
*Bondyopadhyay v. United States*, 149 Fed. Cl. 176 (2020) .................................................. 10, 11
*Celgene Corp. v. Peter*, 931 F.3d 1342 (Fed. Cir. 2019) ............................................................. 7
*Chisolm v. United States*, 82 Fed. Cl. 185 (2008) ..................................................................... 10
*Corrigan v. United States*, 82 Fed. Cl. 301 (2008) ..................................................................... 9
*Erickson v. Pardus*, 551 U.S. 89 (2007) .................................................................................... 10
*eVideo, Inc. v. United States*, 136 Fed. Cl. 164 (2018) ............................................................. 13
*Goad v. United States*, 46 Fed. Cl. 395 (2000) ......................................................................... 13
*Golden v. Apple Inc.*, 819 F. App'x 930 (Fed. Cir. 2020) ..................................................... 3, 11
*Golden v. United States*, 156 Fed. Cl. 623 (2021) ............................................................ 3, 4, 15
*Golden v. United States*, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022) ....................................... 4
*Golden v. United States*, 955 F.3d 981 (2020) ................................................................ 7, 8, 14
*Henke v. United States*, 60 F.3d 795 (Fed. Cir. 1995) .............................................................. 11
*In re Freeman*, 30 F.3d 1459 (Fed. Cir. 1994) .......................................................................... 10
*John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008) ........................................ 9, 12
*Laguna Hermosa Corp. v. United States*, 671 F.3d 1284 (Fed. Cir. 2012) ............................... 10
*Marchena v. United States*, 128 Fed. Cl. 326 (2016) ................................................................ 14
*McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936) ................................................ 9
*Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320 (Fed. Cir. 2008) ................................... 10
*Northrop Grumman Sys. Corp. v. United States*, 137 Fed. Cl. 677 (2016) ............................... 14
*Palafox Street Assocs., L.P. v. United States*, 114 Fed. Cl. 773 (2014) .................................... 10
*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979) ............................................................... 10
*Poyner v. Murray*, 508 U.S. 931 (1993) .................................................................................... 10
*Return Mail, Inc. v. U.S. Postal Service*, 139 S. Ct. 1853 (2019) ............................................ 6, 7
*Reynolds v. Army & Air Force Exch.*, 846 F.2d 746 (Fed. Cir. 1988) ......................................... 9
*Security People, Inc. v. Iancu*, 971 F.3d 1355 (Fed. Cir. 2020) ................................................ 12
*Unitrac, LLC v. United States*, 113 Fed. Cl. 156 (2013) ....................................................... 9, 12
*Young v. United States*, 529 F.3d 1380 (Fed. Cir. 2008) .......................................................... 12

**Statutes**
28 U.S.C. § 2501 ............................................................................................... 1, 9, 11, 12

**Rules**
RCFC 12(b)(1) ................................................................................................... 9, 11, 12, 15
RCFC 12(b)(6) .............................................................................................................. passim
RCFC 12(h)(3) ...................................................................................................................... 9
RCFC 15(a)(2) .................................................................................................................... 14

**Treatises**
5B Wright & Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2008) ........................... 9, 10

## I. QUESTIONS PRESENTED

1. Whether the present case should be dismissed for lack of subject matter jurisdiction, because Plaintiff's Complaint was filed more than seven years after Plaintiff's alleged Fifth Amendment "takings" claim allegedly accrued and is therefore time-barred by the Court's six-year statute of limitations (28 U.S.C. § 2501);

2. Whether the present case should be dismissed pursuant to the doctrine of *res judicata* because Plaintiff's Complaint's Fifth Amendment takings claim was already fully litigated and rejected by both this Court and the Federal Circuit; and

3. Whether Plaintiff should be denied leave to amend the Complaint on grounds of futility, because the Complaint's jurisdictional and pleadings defects cannot be cured.

## II.     STATEMENT OF THE CASE

### A.     Introduction

Plaintiff, Larry Golden, has once again filed suit against the United States (the Government).  Mr. Golden now alleges that his decision in January 2015 to cancel the independent claims of one of his patents should be considered a Fifth Amendment takings by the Government, because he made that decision to abandon his patent claims during an *inter partes* review proceeding initiated by the U.S. Department of Homeland Security.

Plaintiff's present claim, like his claims in his previous suits against the Government, is meritless.  The events that Plaintiff alleges are "takings" in his Complaint occurred outside of this Court's six-year statute of limitations, and the Court therefore lacks subject-matter jurisdiction over his allegations.  Furthermore, Plaintiff's claim would be barred in any event by *res judicata*.  This Court has already addressed an identical takings claim in one of Plaintiff's prior suits against the Government, and held that the cancellation of Mr. Golden's patent claims was "plainly . . . the result of Mr. Golden's voluntary amendment" and could not be attributable to the Government.

And while Mr. Golden reads the Federal Circuit's opinion from his appeal of this Court's prior decision to imply that he has a valid takings claim, he omits the subsequent portion of that same Federal Circuit opinion squarely rejecting his theory:

> The claims at issue were therefore cancelled as result of Golden's own voluntary actions.  In these circumstances, cancellation of the claims in the government-initiated inter partes review cannot be chargeable to the government under any legal theory.

Mr. Golden's suit should be dismissed.  And because the jurisdictional and pleading deficiencies in his suit cannot be cured—as illustrated by the preceding ten years of Mr. Golden's fruitless litigation against the Government—the Government respectfully requests that Plaintiff's Complaint be dismissed with prejudice and without leave to amend.

**B.     Factual Background**

Mr. Golden's present lawsuit is the third that he has filed against the Government in this Court over the past decade. All three lawsuits stem from the same underlying factual dispute.[1]

Mr. Golden first filed suit against the Government on May 1, 2013, alleging that the Government infringed claims of his U.S. Patent No. RE43,990 ("the '990 patent") through a Department of Homeland Security ("DHS") initiative known as "CELL-ALL." *Golden v. United States*, Case No. 13-307 C ("*Golden I*"). Over the next eight years, Mr. Golden amended his complaint in *Golden I* six times to assert additional patents and accuse additional products of infringement, but the case never proceeded past the pleadings stage. *See Golden v. United States*, 156 Fed. Cl. 623, 625–26 (2021). After Mr. Golden repeatedly failed to prepare preliminary infringement contentions that complied with this Court's Patent Rules and set forth a plausible theory of infringement, this Court dismissed *Golden I* with prejudice on November 10, 2021:

---

[1] In addition to his three lawsuits against the Government in the Court of Federal Claims, Mr. Golden has filed five lawsuits in the Northern District of California: (1) *Golden v. Qualcomm, Inc.*, Case No. 4:22-cv-03283-HSG; (2) *Golden v. Intel Corp.*, Case No. 5:22-cv-03828-NC; (3) *Golden v. Apple Inc.*, Case No. 3:22-cv-04152-VC; (4) *Golden v. Google LLC*, Case No. 4:22-cv-05246-HSG; and (5) *Golden v. Samsung Elecs. Am., Inc.*, Case No. 3:23-cv-00048-WHO). Mr. Golden has also filed four lawsuits in the District of South Carolina: (1) *Golden v. Apple Inc.*, Case No. 6:19-2557-DCC-KFM; (2) *Golden v. Apple Inc.*, Case No. 6:20-cv-02270-JD; (3) *Golden v. Apple Inc.*, Case No. 6:20-cv-04353-JD; and (4) *Golden v. Google, LLC*, 6:21-cv-00244-JD. Each of these nine additional lawsuits stems from the same allegations set forth in Mr. Golden's three Court of Federal Claims lawsuits—that is, that his patented technology was allegedly utilized by various third parties as a result of the DHS's "CELL-ALL" initiative.

While some of Mr. Golden's more recently filed lawsuits are still pending or on appeal, to date none of his nine lawsuits in the Northern District of California or the District of South Carolina has advanced past the pleadings stage before being dismissed. *See, e.g., Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020) ("[W]e affirm the district court's dismissal . . . on the ground of frivolousness.").

> Plaintiff has had eight years to come up with a plausible theory of infringement against the United States and the third parties whose products he alleges were made at the behest of the government. Mr. Golden has amended his complaint six times in response to the government's objections to the shortcomings in his pleadings. As we warned earlier, failure to produce a sufficiently detailed claim chart would cause the court to assume that it cannot be done. That has happened. Enough time and resources have been expended by the court and the Department of Justice dealing with these allegations.

*Id.* at 632. The Federal Circuit subsequently affirmed this Court's dismissal of *Golden I*. *Golden v. United States*, 2022 WL 4103287, at *2 (Fed. Cir. Sept. 8, 2022) ("Despite having eight years to develop his case and two chances to provide infringement contentions compliant with Patent Rule 4, Mr. Golden failed to identify in the accused products at least two key elements claimed in his patents . . .").

> 1. *Mr. Golden voluntarily cancels claims of U.S. Patent No. RE43,990 in 2015 during an inter partes review proceeding at the Patent Trial & Appeal Board.*

Early in the pendency of *Golden I*, in April 2014, DHS filed a petition at the Patent Trial & Appeal Board ("PTAB") requesting *inter partes* review ("IPR") of the three independent claims of the '990 patent (claims 11, 74, and 81) that Mr. Golden had asserted in his original *Golden I* complaint. The PTAB issued an Institution Decision on October 8, 2014, finding a reasonable likelihood that DHS would prevail in its IPR challenge to each of the three asserted '990 patent claims.

Following issuance of the PTAB's Institution Decision, the PTAB requested a conference call with Mr. Golden to discuss (among other things) his proposed motion to amend the claims of his '990 patent, in which he had asked to cancel claims 11, 74, and 81. *See* A1–A2 (IPR2014-00714, Paper No. 23 (Jan. 13, 2015 Order) at 1–2). Following that call, the PTAB issued an Order, cautioning Mr. Golden that:

- 4 -

> We stated also that it was unclear whether the Motion to Amend was contingent on our finding the claims at issue unpatentable over the challenges brought by Petitioner. We explained that for a contingent motion to amend, we would look at the motion only if the claims at issue are found to be unpatentable over the challenges brought by a petitioner. We explained further that a non-contingent motion to amend would be addressed regardless of whether the claims at issue were found to be unpatentable. In that regard, we note that Petitioner has the burden of demonstrating that the claims at issue are unpatentable by a preponderance of the evidence. ***If the Motion to Amend is non-contingent, Mr. Golden is, in essence, abandoning the claims at issue, and saying that we should only look at the claims as amended in the Motion to Amend. Mr. Golden, however, has the burden of demonstrating that the amended claims are patentable by a preponderance of the evidence.***

*Id.* at 2–3 (emphasis added). Mr. Golden subsequently filed a non-contingent motion to amend the '990 patent, canceling challenged independent claims 11, 74, and 81 of the '990 patent and proposing new, substitute claims. A7 (IPR2014-00714, Paper No. 25 (Jan. 22, 2015 Non-Contingent Motion to Amend) at 2) ("The Patent Owner understands that by abandoning the claims at issue . . . the PTAB should only look at the claims as amended in the 'Motion to Amend'"). The PTAB subsequently held a teleconference with Mr. Golden to confirm that he was intentionally abandoning those original claims from the '990 patent. A16, A19–A20 (IPR2014-00714, Ex. 1025 (Feb. 3, 2015 Telephone Conference transcript) at 6:5–15, 9:18–10:9).

The PTAB issued its Final Written Decision in the IPR on October 1, 2015. A35 (IPR2014-00714, Paper No. 35 (Oct. 1, 2015 Final Written Decision)). The Final Written Decision granted Mr. Golden's request to cancel independent claims 11, 74, and 81 of his '990 patent. *Id.* at 3, 12–13, 32. Further, the PTAB found Mr. Golden's new proposed substitute claims to be unpatentable for three independent reasons: (1) the proposed substitute claims were each impermissibly broadened in scope from the original claims that were canceled by Mr. Golden, *id.* at 15–21; (2) the proposed substitute claims each lacked written description support in the disclosure of the '990

patent, *id.* at 21–22; and (3) the proposed substitute claims were each unpatentable over the prior art, *id.* at 22–31.

Mr. Golden filed a Request for Rehearing of the Final Written Decision. In its November 17, 2015 Decision denying that request for rehearing, the PTAB specifically noted:

> To the extent that Patent Owner submits that we "coerced" Patent Owner into filing a motion to amend or "advised" him to do so, we note that, as the record reflects (Paper 23, 2–3), Patent Owner filed the motion to amend without ever discussing the motion with the Board. We never advised Patent Owner that a motion to amend was the proper course in this proceeding, and repeatedly warned Patent Owner of the difficulties presented by, and consequences that result from, a non-contingent motion to amend.

A72 (IPR2014-00714, Paper No. 37 (Nov. 17, 2015 Decision) at 5).

Mr. Golden did not appeal either the PTAB's Final Written Decision or its subsequent Decision denying his request for rehearing. As a result, the PTAB's decision became final and unappealable in January 2016.[2]

### 2. Mr. Golden's Fifth Amendment takings claims against the United States, based on his voluntary cancellation of his patent claims in the inter partes review proceeding, are rejected by this Court and the Federal Circuit.

On January 17, 2019, Mr. Golden filed a second suit against the Government in this Court. *Golden v. United States*, Case No. 19-104 C ("*Golden II*"). In *Golden II*, Mr. Golden raised a set of Fifth Amendment takings claims against the Government, including a takings claim based on the PTAB's cancellation of claims 11, 74, and 81 of the '990 patent in the IPR. *See* A115 (*Golden*

---

[2] While Mr. Golden never appealed the PTAB's Final Written Decision, he later filed a petition with the Patent & Trademark Office requesting—in light of the Supreme Court's opinion in *Return Mail, Inc. v. U.S. Postal Service*, 139 S. Ct. 1853 (2019)—that the *Inter Partes* Review Certificate be struck from the prosecution file of the '990 patent as an *ultra vires* agency action. A77 (July 2, 2019 Petition). The Patent Office denied that petition "because Patent Owner voluntarily filed a non-contingent Motion to Amend (MTA), which requested cancellation of claims 11, 74, and 81 and Patent Owner did not appeal the Final Written Decision." A88–A89 (June 25, 2020 Decision on Petition at 5–6).

*II*, Dkt. 1 (Compl.) at ¶ 51) ("Plaintiff believes the Government's action resulted in the 'takings' of Plaintiff's three independent patent claims (11, 74, and 81) of the '990 patent and Plaintiff's three substitute independent claims (154, 155, and 156) introduced in the IPR"); *see also id.* at ¶¶ 47, 49, 50, 52, 54–58, 60, 67, 87.

This Court dismissed *Golden II* with prejudice on May 14, 2019. Addressing Mr. Golden's IPR-based takings claim, this Court specifically held that:

> Plaintiff appears to argue that the cancellation of his '990 independent claims in the IPR at the PTAB constitutes a taking by the PTAB. Setting aside whether an action by the PTAB could ever constitute a government taking, ***plainly the cancellation was the result of Mr. Golden's voluntary amendment of his claims***.

A148 (*Golden II*, Dkt. 12 (May 14, 2019) at 4) (emphasis added).

After Mr. Golden appealed, the Federal Circuit affirmed this Court's dismissal of *Golden II*. *Golden v. United States*, 955 F.3d 981 (2020). With regard to "Golden's IPR-based takings claims," the Federal Circuit noted that "subjecting patents to *inter partes* review proceedings is not an unconstitutional taking under the Fifth Amendment," but instead "'serve[s] the purpose of correcting prior agency error of issuing patents that should not have issued in the first place." *Id.* at 989 (quoting *Celgene Corp. v. Peter*, 931 F.3d 1342, 1361–63 (Fed. Cir. 2019)).

The Federal Circuit went on to note that it was "mindful" of "the unique circumstances of the IPR in Golden's case"—specifically, that the petitioner in the IPR was a federal agency, and that the Supreme Court's subsequent 2019 decision in *Return Mail* had since held that a federal agency was not a "person" permitted to petition for *inter partes* review. *Id.* at 989 (citing *Return Mail*, 139 S. Ct. at 1867). Accordingly, the Federal Circuit foresaw that "Golden may argue that, in view of *Return Mail*, the cancellation of the patent claims in an *inter partes* review initiated by the government could be considered an unconstitutional taking under the Fifth Amendment." *Id.*

at 988–89.  But the appellate court found that argument inapplicable here, as Mr. Golden had voluntarily canceled his patent claims and then declined to appeal the PTAB's final decisions:

> We need not decide whether that is the case, however, for two reasons.  First, Golden did not appeal the Board's final written decision in the IPR to this court, and the decision became final before the *Return Mail* decision was issued.  Second, Golden voluntarily filed a non-contingent motion to amend the claims on which the IPR was instituted.  His substitute claims were then found unpatentable.  ***The claims at issue were therefore cancelled as result of Golden's own voluntary actions.  In these circumstances, cancellation of the claims in the government-initiated inter partes review cannot be chargeable to the government under any legal theory.***

*Id.* at 989–90 (emphasis added).

### 3. *Mr. Golden files the present lawsuit again asserting a Fifth Amendment takings claim based on his voluntary cancellation of his patent claims in the inter partes review proceeding.*

Mr. Golden's Complaint in the present lawsuit states that he is again asserting a Fifth Amendment takings claim based on the *inter partes* review of his '990 patent.  *See* Dkt. 1 at ¶ 62 ("When the 'Final Written Decision' in Case No. IPR2014-00714, *United States Department of Homeland Security vs. Larry Golden* was entered on October 1, 2015, the Government (DHS), who was not a person authorized to petition the PTAB for the "taking" of Plaintiff's property; had taken, for the benefit of the public use, Plaintiff's property without paying 'just compensation'"); *see also id.* at ¶¶ 67, 71–72, 75.

Mr. Golden's present Complaint further states that he is asserting the same Fifth Amendment takings claim that he previously raised in *Golden II*: "Plaintiff first filed his alleged 'unconstitutional taking under the Fifth Amendment' of Plaintiff's property, as a result of the unique circumstances of an *Inter Partes Review* (IPR), petitioned for and initiated by the Department of Homeland Security, in *Larry Golden v. The United States*, Case No. 1:19-cv-00104-EGB."  *Id.* at ¶ 6; *see also id.* at ¶ 12.

- 8 -

### C. Relevant Legal Standards

#### 1. *RCFC 12(b)(1) – Lack of Subject-Matter Jurisdiction*

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"); *see also* RCFC 12(b)(1). If subject-matter jurisdiction is challenged, the plaintiff cannot merely rely on allegations in the complaint but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch.*, 846 F.2d 746, 747–48 (Fed. Cir. 1988) ("We agree that [plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of evidence.").

"All cases that come before this Court are subject to a six year statute of limitations." *Unitrac, LLC v. United States*, 113 Fed. Cl. 156, 159–60 (2013) (citing 28 U.S.C. § 2501), *aff'd*, 589 F. App'x 990 (Fed. Cir. 2015). That "particular statute of limitations is jurisdictional in this Court." *Id.* (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008)).

#### 2. *RCFC 12(b)(6) – Failure to State a Claim Upon Which Relief Can Be Granted*

To survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint can be dismissed on an RCFC 12(b)(6) motion "'when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy.'" *Corrigan v. United States*, 82 Fed. Cl. 301, 304 (2008) (quoting 5B Wright & Miller, *Federal Practice & Procedure* § 1357 at 708 (3d ed. 2008)). Such affirmative defenses that can be raised by a RCFC 12(b)(6) motion to dismiss include "'various types of estoppel'" and "'the barring effect of res judicata and related preclusional principles.'" *Corrigan*, 82 Fed. Cl. at 304 (quoting 5B Wright & Miller, *Federal Practice & Procedure* § 1357

at 722, 728 (3d ed. 2008)); *see also Palafox Street Assocs., L.P. v. United States*, 114 Fed. Cl. 773, 780 (2014) (citing *Chisolm v. United States*, 82 Fed. Cl. 185, 193 (2008)). "The doctrine of *res judicata* 'includes the two related concepts of claim preclusion and issue preclusion.'" *Bondyopadhyay v. United States*, 149 Fed. Cl. 176, 185 (2020) (quoting *Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1323 (Fed. Cir. 2008)).

### a) Claim Preclusion

Claim preclusion applies to bar a plaintiff's claim when there is "'a judgment on the merits in a prior suit,'" "'a second suit involving the same parties or their privies,'" and "the second suit is 'based on the same cause of action.'" *Aviation Software, Inc. v. United States*, 101 Fed. Cl. 656, 662–63 (2011) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). Additionally, the party barred by claim preclusion must have had a "full and fair opportunity" to litigate its case in the prior suit. *Aviation Software*, 101 Fed. Cl at 663 (quoting *Poyner v. Murray*, 508 U.S. 931, 933 (1993)).

### b) Issue Preclusion

"Issue preclusion bars a cause of action when four conditions are met: '(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) the plaintiff had a full and fair opportunity to litigate the issue in the first action.'" *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (quoting *In re Freeman*, 30 F.3d 1459, 1465 (Fed. Cir. 1994)).

### c) Pleading Standards for Pro Se Litigants

Pleadings made by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, while this Court may excuse ambiguities in a *pro se* plaintiff's complaint, the Court "does not excuse

[its] failures," *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995), and "there is no duty on the part of the trial court to create a claim which plaintiff has not spelled out in his or her pleading," *Bondyopadhyay*, 149 Fed. Cl. at 186 (citations omitted); *see also Golden v. Apple*, 819 F. App'x at 931 ("Although Golden appeals pro se and is therefore entitled to a certain leeway in interpreting his complaint, we agree with the magistrate judge's conclusion that 'the plaintiff's vague and conclusory allegations fail to state a claim for relief.'").

### III. ARGUMENT

Because Plaintiff's claim arose well after the Court's six-year limitations period expired, it is time-barred. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claim and his Complaint should be dismissed pursuant to RCFC 12(b)(1). Further, Plaintiff's Complaint fails to state a claim upon which relief can be granted—this Court and the Federal Circuit already considered and rejected an identical claim made by Plaintiff in *Golden II*. Therefore, Plaintiff's claim is barred by the doctrine of *res judicata* and should also be dismissed pursuant to RCFC 12(b)(6). And because it is impossible for Plaintiff to plausibly plead facts that would give rise to any legitimate claim subject to this Court's jurisdiction, leave to amend should be denied.

**A. Plaintiff's Complaint should be dismissed pursuant to RCFC 12(b)(1) for lack of jurisdiction because Plaintiff's takings claim falls outside of the Court's six-year statute of limitations.**

Plaintiff's Complaint asserts a Fifth Amendment takings claim based on the effect of the Final Written Decision issued by the PTAB in the IPR of Plaintiff's '990 patent. Dkt. 1 at ¶¶ 62, 64, 72. But that claim is time-barred by the Court's six-year statute of limitations—28 U.S.C. § 2501—which states that "[e]very claim of which the United States Court of Federal claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Here, the PTAB issued its Final Written Decision on October 1, 2015 (*see* A35) and denied Plaintiff's Request for Rehearing on November 17, 2015 (*see* A68). Both those events

occurred more than seven years before Plaintiff filed the present suit.[3]  Accordingly, the Court lacks subject-matter jurisdiction to hear Plaintiff's takings claim, and that claim should be dismissed pursuant to RCFC 12(b)(1).  *See Unitrac*, 113 Fed. Cl. at 159–60 (citing *John R. Sand*, 552 U.S. at 134).

Apparently recognizing that the accused activities of the Government fall outside of the Court's six-year statute of limitations, *see* Dkt. 1 at ¶¶ 5–6, Plaintiff suggests that the "equitable tolling doctrine" should apply here, *id.* at ¶¶ 7–9.  Plaintiff is incorrect.  "[T]he statute of limitations applicable to Tucker Act claims, 28 U.S.C. § 2501, is jurisdictional and not susceptible to equitable tolling."  *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008) (citing *John R. Sand*, 552 U.S. at 133–39)).  And even if the Court's statute of limitations *was* subject to equitable tolling (as noted above, it is not), that doctrine would clearly not apply to Plaintiff's takings claim—Plaintiff himself proved that there was no justification for his failure to file within the Court's six-year statute of limitations by acknowledging that he ***previously raised the same takings claim in Golden II***.  Dkt. 1 at ¶ 6; *see also id.* at ¶ 12.

Because the Court lacks subject-matter jurisdiction over Plaintiff's takings claim under 28 U.S.C. § 2501, Plaintiff's Complaint must be dismissed pursuant to RCFC 12(b)(1).

### B. Plaintiff's Complaint should be dismissed pursuant to RCFC 12(b)(6) under the doctrine of *res judicata* because Plaintiff's takings claim has already been fully litigated and rejected by this Court and the Federal Circuit.

Even assuming *arguendo* that Plaintiff's Complaint *had* been filed within the six-year limit and the Court therefore had subject-matter jurisdiction over Plaintiff's takings claim, Plaintiff's

---

[3] As the Federal Circuit held in *Security People, Inc. v. Iancu*, "[t]he PTO's decision-making process in an IPR is complete after issuance of the final written decision (or, if parties move for reconsideration, after the Board issues its decision on reconsideration)."  971 F.3d 1355, 1360–61 (Fed. Cir. 2020) (noting that "the certificate of cancellation is irrelevant to the finality of the agency's action, as no agency decision-making is involved in deciding to issue the certificate").

Complaint would still fail to state a claim upon which relief can be granted. Because Plaintiff's takings claim was previously litigated in *Golden II*, it is barred by the doctrine of *res judicata*, and Plaintiff's Complaint should also be dismissed pursuant to RCFC 12(b)(6).

There is no question that Plaintiff's Complaint involves the same parties and raises the same claim and issue as *Golden II*, as the Complaint itself acknowledges. *See* Dkt. 1 at ¶¶ 6, 12. Nor is there any dispute that Plaintiff had a full and fair opportunity to previously litigate this takings claim in *Golden II*—both at this Court and on appeal at the Federal Circuit.

Plaintiff repeatedly argues, however, that this issue was never actually adjudicated in *Golden II*. *See id.* at ¶ 12 ("When Plaintiff filed the alleged 'unconstitutional taking under the Fifth Amendment' as a claim for relief in [*Golden II*], the Claims Court never considered the claim."); *see also id.* at ¶ 15. Plaintiff is incorrect. As noted *supra*, in dismissing Plaintiff's IPR-based takings claim in *Golden II*, this Court specifically held that:

> Plaintiff appears to argue that the cancellation of his '990 independent claims in the IPR at the PTAB constitutes a taking by the PTAB. Setting aside whether an action by the PTAB could ever constitute a government taking, ***plainly the cancellation was the result of Mr. Golden's voluntary amendment of his claims***.

A148 (*Golden II*, Dkt. 12 (May 14, 2019) at 4) (emphasis added). RCFC 12(b)(6) dismissal is a judgment on the merits entitled to *res judicata* effect. *See eVideo, Inc. v. United States*, 136 Fed. Cl. 164, 169 (2018) (citing *Goad v. United States*, 46 Fed. Cl. 395, 397 (2000)).

Further, while Plaintiff repeatedly portrays the Federal Circuit as having invited the filing of his present suit, *see* Dkt. 1 at ¶ 13–14 ("Golden may argue that, in view of *Return Mail*, the cancellation of the patent claims in an inter partes review initiated by the government could be considered an unconstitutional taking under the Fifth Amendment"); *see also id.* at 4, the excerpts in Plaintiff's Complaint noticeably omits the subsequent holding of the Federal Circuit's opinion— which affirmed this Court and found Plaintiff's takings claim to be meritless:

- 13 -

> We need not decide whether that is the case, however, for two reasons. First, Golden did not appeal the Board's final written decision in the IPR to this court, and the decision became final before the *Return Mail* decision was issued. Second, Golden voluntarily filed a non-contingent motion to amend the claims on which the IPR was instituted. His substitute claims were then found unpatentable. ***The claims at issue were therefore cancelled as result of Golden's own voluntary actions. In these circumstances, cancellation of the claims in the government-initiated inter partes review cannot be chargeable to the government under any legal theory.***

955 F.3d at 989–90 (emphasis added).[4]

Because Plaintiff's takings claim was already fully litigated and is now barred by the doctrine of *res judicata*, Plaintiff's Complaint should also be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim.

### C. Plaintiff should be denied leave to amend because any amendment would be futile.

The Government recognizes that the Court's Rules provide that the "court should freely give leave [to amend pleadings] when justice so requires." RCFC 15(a)(2). Here, however, the Government respectfully submits that the Court should deny Plaintiff leave to amend, as any amendment would be futile. *See Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016), *aff'd*, 702 F. App'x 988 (Fed. Cir. 2017). "An amendment is futile when the proponent of the amendment cannot provide a colorable argument that the original or the amended claim will not survive a dispositive motion." *Northrop Grumman Sys. Corp. v. United States*, 137 Fed. Cl. 677, 682 (2016).

---

[4] Plaintiff's Complaint later appears to recognize that the Federal Circuit has already ruled in favor of the Government on this issue and rejected his claim. Although he does not cite to the Federal Circuit's opinion, Plaintiff concedes that he is not "arguing against" the proposition that "'cancellation of the claims in the government-initiated inter partes review cannot be chargeable to the government under any legal theory.'" Dkt. 1 at ¶ 45.

Here, any amendment by Plaintiff to his Complaint would certainly be futile. The jurisdictional defects of the Complaint cannot be cured. As discussed above, the IPR decisions that are the source of Plaintiff's takings claim in the present suit issued over seven years ago, and DHS's CELL-ALL initiative, accused in *Golden I*, concluded even earlier. Accordingly, Plaintiff has no conceivable claims that would not be barred by the Court's six-year statute of limitations. And Plaintiff cannot cure the RCFC 12(b)(6) deficiencies in the present Complaint either—no conceivable additions or amendments to the Complaint can change the fact that all of Plaintiff's claims against the Government were already resolved in the Government's favor during *Golden I* and *Golden II*.

As this Court previously held in *Golden I*:

> Plaintiff has had eight years to come up with a plausible theory of infringement against the United States and the third parties whose products he alleges were made at the behest of the government. Mr. Golden has amended his complaint six times in response to the government's objections to the shortcomings in his pleadings. As we warned earlier, failure to produce a sufficiently detailed claim chart would cause the court to assume that it cannot be done. That has happened. Enough time and resources have been expended by the court and the Department of Justice dealing with these allegations.

156 Fed. Cl. at 632.

## IV.   CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court dismiss Plaintiff's Complaint pursuant to RCFC 12(b)(1) and 12(b)(6), with prejudice, and that the Court further order that leave to amend the Complaint will be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | GARY L. HAUSKEN<br>Director |
|  | /s/ Grant D. Johnson<br>GRANT D. JOHNSON<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Washington, DC  20530<br>*Grant.D.Johnson@usdoj.gov*<br>(202) 305-2513 |
| April 4, 2023 | *Attorneys for the Defendant,*<br>*The United States* |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing "DEFENDANT THE UNITED STATES' MOTION TO DISMISS" was sent on April 4, 2023, via e-mail and U.S. Mail, to:

Larry Golden
740 Woodruff Road #1102
Greenville, SC 29607
atpg-tech@charter.net

Plaintiff, *pro se*

/s/ Grant D. Johnson
Grant D. Johnson
Department of Justice