# In the United States Court of Federal Claims

No. 23-185C
(Filed: May 31, 2023)

* * * * * * * * * * * * * * * * *

LARRY GOLDEN,

       *Plaintiff,*

v.

THE UNITED STATES,

       *Defendant.*

* * * * * * * * * * * * * * * * *

## ORDER

    Plaintiff Larry Golden, appearing *pro se*, filed his complaint, his third in this court, on February 7, 2023, alleging that the United States government, through the Department of Homeland Security ("DHS"), took the independent claims of one of his patents under the Fifth Amendment without compensating him. On April 4, 2023, defendant moved for dismissal of plaintiff's complaint for lack of jurisdiction under the applicable six-year statute of limitations as well as for failure to state a claim due to the application of the doctrine of *res judicata*. The motion is fully briefed; oral argument is unnecessary. Because the complaint is clearly late, we must dismiss it for lack of jurisdiction. Plaintiff also attempted to file what we construe as a motion for leave to amend his complaint.[1]

    This is the third lawsuit that Mr. Golden has filed against the United States in this court in the past decade, stemming from the same factual

---

[1] That motion, received on May 3, 2023, was not docketed by the court's clerk's office, however, because it was not able to ascertain the nature of the filing. We will allow the motion to be filed, along with its attachments, but deny it due the futility of allowing such an amendment because, after reviewing the putative new claims, none would be within our jurisdiction or, to the extent they seek to relitigate matters already decided, would be barred by *res judicata*.

dispute. In the first case, filed on May 1, 2013, plaintiff alleged that the government infringed the claims of U.S. Patent No. RE43,990 ("the '990 patent") through a DHS initiative known as "CELL-ALL." *Golden v. United States*, No. 13-307C (Fed. Cl. 2013) ("*Golden I*"). After plaintiff amended his complaint six times, *Golden I* was dismissed on November 10, 2021, with prejudice for failure to conform his infringement contentions to the court's rules. *Golden v. United States*, 156 Fed. Cl. 623, 632 (2021). Plaintiff appealed, and the Federal Circuit affirmed the dismissal on September 8, 2022. *Golden v. United States*, 2022 WL 4103287 (Fed. Cir. 2022). Plaintiff's second action in this court was filed on January 17, 2019, alleging a Fifth Amendment taking based on the Patent Trial & Appeal Board's ("PTAB") cancellation of claims 11, 74, and 81 of the '990 patent during an *inter partes* review ("IPR") ("*Golden II*"). The court dismissed *Golden II* with prejudice on May 14, 2019, finding that the cancellation of the patent claims was plainly the result of plaintiff's voluntary amendment, not government action. *Golden v. United States*, No. 19-104C (Fed. Cl. 2019). Defendant appealed, and the Federal Circuit also affirmed our dismissal of *Golden II*. *Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020).

This current suit, as the government points out, is nearly identical to plaintiff's accusations in *Golden II*. It is plainly barred by *res judicata*, but we do not reach that issue because the complaint is too late. Our statute of limitations is set by 28 U.S.C. § 2501, which requires that a complaint be filed within six years of an action's accrual. Mr. Golden's current claim accrued no later than 2015, but his complaint was filed in 2023, more than six years later.

In April 2014, DHS filed a petition to the PTAB requesting IPR of the three independent claims of the '990 patent (claims 11, 74, and 81) that plaintiff had asserted in his original *Golden I* complaint. The PTAB issued an Institution Decision on October 8, 2014, finding a reasonable likelihood that DHS would prevail in its IPR challenge. *U.S. Dept. Of Homeland Security, Petitioner, v. Larry GOLDEN, Patent Owner.*, 2014 WL 5025206. Mr. Golden subsequently filed a non-contingent motion to amend the '990 patent, canceling challenged independent claims 11, 74, and 81, while proposing new, substitute claims. Def.'s Appx. at A7 (IPR2014-00714, Paper No. 25 (Jan. 22, 2015 Non-Contingent Motion to Amend)). The PTAB issued its Final Written Decision on October 1, 2015, which granted plaintiff's request to cancel his independent claims, but found his substitute claims unpatentable. *Id.* at A35 (IPR2014-00714, Paper No. 35 (Oct. 1, 2015 Final Written Decision)). Plaintiff filed a Request for Rehearing of the Final Written Decision, which the PTAB denied on November 17, 2015. *Id.* at A72 (IPR2014-00714, Paper No. 37 (Nov. 17, 2015 Decision)). Plaintiff did

not appeal either the PTAB's Final Written Decision or its subsequent decision denying his request for rehearing. As a result, under 37 CFR § 90.3(a), the PTAB's decision became final and unappealable in January 2016. Plaintiff now asks for damages on a takings theory for an unlawful cancellation of his patent claims.[2]

      Any claim plaintiff asserts based on the effect of the Final Written Decision issued by the PTAB in the IPR of plaintiff's '990 patent in 2015 are now well-past the court's six-year statute of limitations under 28 U.S.C. § 2501. Plaintiff asserts that the statute of limitations is subject to equitable tolling. Given that the statue of limitations is jurisdictional in nature in this court, however, equitable tolling is unavailable. *See FloorPro, Inc. v. United States*, 680 F.3d 1377, 1382 (Fed. Cir. 2012). Defendant's motion to dismiss for lack of jurisdiction is thus granted. Accordingly, the following is ordered:

1. Defendant's motion to dismiss is granted.

2. Plaintiff's two requests, filed on April 20, 2023, and May 18, 2023, for the court to take judicial notice of the record in the prior IPR proceedings at the PTAB and to take notice of the prior art references relied upon by the PTBA in that matter are denied as moot.

3. The clerk's office is directed to accept for filing and to docket the motion for leave to file an amended complaint, received on May 3, 2023. That motion is denied as futile.

4. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and to enter judgment accordingly.

---

[2] Mr. Golden alleges that the PTAB's actions were a taking because the IPR was instituted as a result of a petition from a federal agency, which the Supreme Court has since clarified is not a person under the meaning of the America Invents Act. *Return Mail, Inc. v. United States Postal Service*, 139 S. Ct. 1853, 1867 (2019). Thus, the IPR should not have been instituted, the cancellation of his claims *ultra vires*, and a taking occurred, per plaintiff. Plaintiff has submitted two motions for the court to take leave of documents from the IPR's docket and patents relied upon by the PTAB in its decision.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge